# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| TRUDY SOBOCIENSKI,<br><br>　　　　　Plaintiff,<br>vs.<br>DIANA HAEKER, *et al.*,<br>　　　　　Defendants. | Case No. 2:20-cv-01703-KJD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Trudy Sobocienski's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Sobocienski's (1) in forma pauperis application is granted; (2) her complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Sobocienski's filings present two questions: (1) whether Sobocienski may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Sobocienski's complaint states a plausible claim for relief.

**I.　Whether Sobocienski May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that she makes $26 per hour and that she has $9 in savings. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

**II.     Whether Sobocienski's Complaint States a Plausible Claim**

     **a. Legal Standard**

Because the Court grants Sobocienski's application to proceed *in forma pauperis*, it must review Sobocienski's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To create liability for defamation there must be: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm, or the existence of special harm caused by the publication. *Lubin v. Kunin*, 117 Nev. 107, 109, 17 P.3d 422,

2

Case 3:21-cv-00054-JMK   Document 4   Filed 10/28/20   Page 2 of 6

424 (2001). Under Nevada law, a false light claim exists when one "gives publicity to a matter concerning another that places the other before the public in a false light…if…(a) the false light in which the other was placed would be highly offensive to a reasonable person, and…(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Franchise Tax Bd. Of Cal. v. Hyatt*, 130 Nev. 662, 685 (2014).

The federal RICO statute requires plaintiffs to plead a "pattern of racketeering activity," which is defined to "require at least two acts of racketeering activity." *Top Rank Builders, Inc. v. Charles Abbott Assocs.*, No. 2:16-cv-02903-APG-CWH, 2017 U.S. Dist. LEXIS 166905 at 7 (D. Nev. Oct. 6, 2017) (quoting 18 U.S.C. §§ 1961-1962). The Nevada statute requires plaintiffs to show "racketeering activity," which "means engaging in at least two crimes related to racketeering[.]" Nev. Rev. Stat. §§ 207.390-.400). "Criminal intent is thus a[ ] necessary [element] under the Nevada RICO statute a[nd] the federal RICO statute." *Top Rank Builders*, 2017 U.S. Dist. LEXIS 166905 at 7.

### b. Plaintiff's Complaint

Sobocienski's complaint is styled as a civil rights complaint[1], but she only brings claims against the defendants for defamation and false light. (ECF No. 1-3). Plaintiff states that the defendants also violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), but she does not list RICO as a cause of action. (*Id.*) Plaintiff alleges that on April 15, 2016 the Nugget Newspaper in Alaska

---

[1] Plaintiff alleges that this case is a civil rights case pursuant to Section 1983, but the complaint does not allege how any of the individual or media defendants violated her civil rights or whether any of the defendants acted under color of law or conspired with state officials. See 42 U.S.C.S. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.")

3

published an article about her on that defamed her and cast her in a false light. (*Id*.) Plaintiff alleges that the nine listed individual defendants (some are employees of the Nugget Newspaper) conspired against her when they allegedly used search engine optimization (SEO) techniques to spread the article online. (*Id*.) The article is allegedly a news report that states that after a trial, a jury found that Sobocienski committed fraud against her former employer. (*Id*.) Plaintiff alleges the article is defamatory and casts her in a false light because after the trial and jury verdict, she found a pro bono lawyer who helped her settle the case against her former employer. (*Id*.) Plaintiff states that on May 24, 2018, the Nugget Newspaper did publish an article about the settlement, but the Nugget still has the report about the original jury verdict against her online. (*Id*.)

The defendant the Nugget published the article in question over four years ago but there is a two-year statute of limitations for defamation and false light claims measured from the publication date. See NRS 11.190(4)(e); *Crabb v. Greenspun Media Group*, 2016 Nev. Dist. LEXIS 312 at 18 (two-year limitation period applies to defamation and false light claims); see also *Roberts v. McAfee*, 660 F.3d 1156, 1167 (9th Cir. 2011) (information is considered "'published' … when it is first made available to the public."). If the plaintiff files an amended complaint, she must show why her case is not time-barred.

Regarding jurisdiction, plaintiff lives in Nevada now, but she does not allege where she lived in 2016 at the time the Nugget published the first article. If plaintiff (1) lived in Alaska, or outside of Nevada, or (2) if the defendants did not know that the plaintiff lived in Nevada at the time of publication, this Court would not have jurisdiction over her claims. See e.g. *Calder v. Jones*, 465 U.S. 783, 784, 104 S. Ct. 1482, 1484 (1984)(Holding that jurisdiction over Florida based defamation defendants in California was proper because the defendants knew the plaintiff lived in California, and their intentional conduct in Florida was calculated to cause injury to the plaintiff's reputation in California.)

4

The plaintiff also does not specify which portions of the April 2016 article are defamatory or cast her in a false light. The Court can only look to the allegations in the complaint: the plaintiff alleges that the article itself is defamatory and casts her in a false light. Plaintiff admits in the complaint that a jury found her guilty of fraud after a trial. Plaintiff does not allege that the April 2016 article in the Nugget is false: the article accurately reported the jury verdict. "[T]ruth…is an absolute defense to a defamation action." *Van Buskirk v. CNN*, 284 F.3d 977, 981 (9th Cir. 2002)(citations omitted). The Court will allow the plaintiff to amend her complaint, but she must specify, in her complaint, which, if any, portions of the article are false, defamatory, or cast her in a false light.

Plaintiff does not include a cause of action for RICO, but she mentions RICO in the complaint and alleges only that the defendants conspired against her by using SEO techniques to spread the 2016 article online. The plaintiff has not alleged that the defendants acted with criminal intent or engaged in racketeering activities pursuant to either the federal or state RICO statutes. If the plaintiff amends her complaint and wishes to include a cause of action for RICO violations, she must address these deficiencies. The Court will give the plaintiff one opportunity to amend her complaint.

ACCORDINGLY,

IT IS ORDERED that Sobocienski's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Sobocienski's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Sobocienski has until Monday, November 30, 2020 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with

5

prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 28th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE